1  Amy R. Patton, Bar No. 203877
   arp@paynefears.com
2  Tyler B. Runge, Bar No. 310697
   tbr@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  4 Park Plaza, Suite 1100
   Irvine, California 92614
5  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
6
7  Attorneys for ITT AEROSPACE
   CONTROLS, LLC
8  Howard Rutten, Bar No. 164820
   Howard@RuttenLawFirm.com
9  **The Rutten Law Firm, APC**
   4221 Coldwater Canyon Ave.
10 Studio City, California 91604
   Telephone: (818) 308-6915
11
   Attorneys for GEORGE ALBANES
12

IT IS SO ORDERED.

DATED: 5/23/2019

Alicia G. Rosenberg

UNITED STATES MAGISTRATE JUDGE

NOTE CHANGES MADE BY THE COURT

13              **UNITED STATES DISTRICT COURT**

14     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 GEORGE ALBANES, an individual,      Case No.  2:19-cv-01443-JFW(AGRx)

17          Plaintiff,                 Hon. John F. Walter

18     v.                              **STIPULATION RE:**
                                       **CONFIDENTIALITY AND**
19 ITT AEROSPACE CONTROLS, LLC;        **PROTECTIVE ORDER**
   and DOES 1 TO 20, inclusive,
20                                     NOTE CHANGES MADE BY THE COURT
          Defendants.
21

22        This Stipulation and Protective Order ("Protective Order") is entered into

23 between Plaintiff George Albanes ("Albanes"), and Defendant ITT Aerospace

24 Controls, LLC ("ITT").  It may be necessary or desirable in this action for the

25 parties to conduct discovery into information that one or more of the parties deems

26 confidential or private based on a good faith belief that the information is protected

27 by a reasonable expectation of privacy or is not readily available to the public, or

28 based upon a contractual right or obligation to maintain confidentiality.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  Accordingly, the parties have agreed to impose reasonable restrictions on such
2  discovery in order to minimize the risk of inappropriate use or disclosure of such
3  confidential information without unreasonably impairing the right of any party to
4  prosecute or defend the various claims and defenses in this action.

### PURPOSES AND LIMITATIONS

6  Disclosure and discovery activity in this action may involve the production of
7  confidential or private information for which special protection from public
8  disclosure and from use for any purpose other than prosecuting or defending this
9  litigation may be warranted.  Accordingly, the parties hereby stipulate to and
10  petition the Court to enter the following Protective Order.  The parties acknowledge
11  that this Protective Order does not confer blanket protections on all disclosures or
12  responses to discovery and that the protection it affords from public disclosure and
13  use extends only to the limited information or items that are entitled to confidential
14  treatment under the applicable legal principles.  The parties further acknowledge
15  that this Protective Order does not entitle them to file confidential information under
16  seal; in the event that any documents containing confidential material are lodged
17  with the Court, the party filing such material must comply with this Protective Order
18  and the provisions of the Federal Rules of Civil Procedure, the Central District of
19  California Local Rules, and the Court's Standing Order (*see* Section 9, Proposed
20  Protective Orders and Filings Under Seal).  This Protective Order shall govern the
21  designation, maintenance, control, and dissemination of certain documents and
22  information produced or voluntarily exchanged in this action.

### DEFINITIONS

24  1.  The term "counsel of record" as used herein shall mean the attorneys of
25  record in this proceeding, their partners and associates, paralegals, clerks, assistants,
26  and other persons employed by such attorneys, all of whom shall be bound by the
27  provisions of this Order.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    2.    The term "person" as used herein shall mean, in the plural as well as in

2    the singular, any individual, corporation, firm, association, partnership, business

3    trust, governmental body, or any other legal or business entity, unless specified

4    herein to the contrary.

5    3.    The term "party" as used herein shall mean, in the plural as well as in

6    the singular, any named plaintiff or defendant in this action, and shall include its

7    present directors, officers, members, agents, and employees.

8    **USE OF CONFIDENTIAL MATERIALS IN DISCOVERY**

9    4.    Any party or non-party may designate as "Confidential" (by stamping

10   the legend "CONFIDENTIAL" on the relevant page or as otherwise set forth herein)

11   any document or response to discovery which that party or non-party considers in

12   good faith to contain information involving confidential information regarding

13   employment and potential employment, emotional distress, personal relationships,

14   personal financial data, corporate financial data, proprietary manufacturing

15   processes, procedures and business practices of ITT, including but not limited to

16   budget information; internal business communications; documents related to

17   formation, standing, suspension or dissolution; documents listing the name, title,

18   and/or business address of high-ranking officials; addresses, phone numbers, and

19   other contact information of ITT's current or former employees and/or independent

20   contractors, in addition to financial records and personnel files and/or records of

21   such employees and/or independent contractors; documents related to mergers

22   and/or acquisitions; documents reflecting or describing the corporate structure or

23   organization and holdings, including organizational charts and employee lists;

24   documents reflecting addresses for accounts payables; documents reflecting the

25   business relationship between ITT and any third party; and any other documents not

26   generally available to the public, all to the extent such information is not publicly

27   available.  Where a document or response consists of more than one page, the first

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 │ page and each page on which confidential information appears shall be so

2 │ designated.

3 │      5.    A party or non-party may designate information disclosed during a

4 │ deposition or in response to written discovery as "Confidential" by so indicating in

5 │ said responses or on the record at the deposition and requesting the preparation of a

6 │ separate transcript of such material.  In addition, a party or non-party may designate

7 │ in writing, within thirty (30) days after receipt of said responses or of the deposition

8 │ transcript for which the designation is proposed, that specific pages of the transcript

9 │ and/or specific responses be treated as "Confidential."  Any other party may object

10 │ to such proposal, in writing or on the record.  Upon such objection, the parties shall

11 │ follow the procedures described in Paragraph 12 below.  After any designation made

12 │ according to the procedure set forth in this paragraph, the designated documents or

13 │ information shall be treated according to the designation until the matter is resolved

14 │ according to the procedures described in Paragraph 12 below, and counsel of record

15 │ for all parties shall be responsible for marking all previously unmarked copies of the

16 │ designated material in their possession or control with the specified designation.  A

17 │ party that makes original documents or materials available for inspection need not

18 │ designate them as Confidential until after the inspecting party has indicated which

19 │ materials it would like copied and produced.  During the inspection and before the

20 │ designation and copying, all of the material made available for inspection shall be

21 │ considered Confidential.

22 │      6.    If timely corrected, an inadvertent failure to designate qualified

23 │ information or items as "Confidential" does not, standing alone, waive the

24 │ designating party's right to secure protection under this order for such material.  If

25 │ material is appropriately designated as "Confidential" after the material was initially

26 │ produced, the receiving party (or the producing party as the case may be) on timely

27 │ notification of the designation, must make reasonable efforts to assure that the

28 │ material is treated in accordance with the provisions of this order.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-4-

7.      All Confidential information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of the prosecution or defense of this case.  Confidential information shall not be used for any commercial competitive, personal, or other purpose.

8.      Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential information shall not be disclosed to any person other than:

(a)      counsel of record for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

(c)      individual parties, to the extent deemed necessary by counsel of record for the prosecution or defense of this litigation;

(d)      consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification, attached to this Protective Order as Exhibit A, and incorporated herein by this reference (which shall be retained by counsel of record for the party so disclosing the Confidential information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential information;

(e)      any authors or recipients of the Confidential information;

(f)      the Court, court personnel, jury and court reporters; and

(g)      during their depositions or at trial, witnesses in this action (other than persons described in Paragraph 8(e)).  Other than during trial, a witness shall sign the Certification before being shown a confidential document.  At the request of any party, the portion of the deposition transcript involving the Confidential information shall be designated "Confidential" pursuant to Paragraph 5 above.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   Witnesses shown Confidential information shall not be allowed to retain copies,

2   except to the extent attached to his, her or its deposition transcript.

    *Any use of Protected Material at trial shall be governed by orders of the trial judge.*

3   (h)    Attorneys representing witnesses described in Paragraph 8(e) and

4   (g), subject to the same limitation(s), if any, set forth therein.

    *This Order does not govern the use of Protected Material at trial.*

5       9.    Any persons receiving Confidential information shall not reveal or

6   discuss such information to or with any person who is not entitled to receive such

7   information, ~~except for the jury, trial witnesses who have not signed a Certification,~~ *except*

8   ~~and~~ as otherwise set forth herein. If a party or any of its representatives, including

9   counsel, inadvertently discloses any Confidential information to persons who are not

10  authorized to use or possess such material, the party shall (a) notify in writing the

11  designating party of the unauthorized disclosures, (b) use its best efforts to retrieve

12  all copies of the Confidential information, (c) inform the person or persons to whom

13  unauthorized disclosures were made of all the terms of this order, and (d) request

14  such person or persons to execute the Certification. If a party has actual knowledge

15  that Confidential information is being used or possessed by a person not authorized

16  to use or possess that material, regardless of how the material was disclosed or

17  obtained by such person, the party shall provide immediate written notice of the

18  unauthorized use or possession to the party whose material is being used or

19  possessed. No party shall have an affirmative obligation to inform itself regarding

20  such possible use or possession.

21       10.    In connection with discovery proceedings as to which a party submits

22  Confidential information, all documents and chamber copies containing

23  Confidential information which are submitted to the Court shall be filed in

24  accordance with Central District of California Local Rule 79-5 and the Court's

25  Standing Order. If another court or administrative agency subpoenas or orders

26  production of Confidential information, such party shall promptly notify counsel of

27  record for the party who produced the material of the pendency of such subpoena or

28  order and shall furnish said counsel of record with a copy of said subpoena or order.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

11.    A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential, although a document may lose its confidential status if it is made public.  If a party produces materials designated Confidential in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state, or federal laws.

12.    If a party contends that any material is not entitled to confidential treatment, such party must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  If the parties are unable to informally resolve the dispute through meet and confer efforts, the challenging party may then give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

13.    Notwithstanding any challenge to the designation of material as Confidential, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a)    The party or non-party who claims that the material is

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

STIPULATION RE: CONFIDENTIALITY AND PROTECTIVE ORDER

1  Confidential withdraws such designation in writing; or

2          (b)     The party or non-party who claims that the material is

3  Confidential fails to apply to the Court for an order designating the material

4  confidential within the time period specified above after receipt of a written

5  challenge to such designation; or

6          (c)     The Court rules the material is not Confidential.

7      14.     All provisions of this Protective Order restricting the communication or

8  use of Confidential information shall continue to be binding after the conclusion of

9  this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a

10  party in the possession of Confidential information, other than that which is

11  contained in pleadings, correspondence, and deposition transcripts, shall either (a)

12  return such documents no later than thirty (30) days after conclusion of this action to

13  counsel of record for the party or non-party who provided such information, or (b)

14  destroy such documents within the time period upon consent of the party who

15  provided the information and certify in writing within thirty (30) days that the

16  documents have been destroyed.

17      15.     Nothing herein shall be deemed to waive any applicable privilege or

18  work product protection, or to affect the ability of a party to seek relief for an

19  inadvertent disclosure of material protected by privilege or work product protection.

20  Any witness or other person, firm, or entity from which discovery is sought may be

21  informed of and may obtain the protection of this Protective Order by written advice

22  to the parties' respective counsel of record or by oral advice at the time of any

23  deposition or similar proceeding.

24      16.     If a document labeled Confidential is used at trial, such label shall be

25  removed from any trial exhibit before the document is shown to the jury or the

26  Court, subject to the provisions of Paragraphs 17 through 18 below.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

STIPULATION RE: CONFIDENTIALITY AND PROTECTIVE ORDER

**USE OF CONFIDENTIAL MATERIALS IN COURT**

1

2    17.   ~~The following provisions govern the treatment of Confidential~~

*This Order does not govern the use of Protected*

3 ~~information used at trial or submitted as a basis for adjudication of matters other~~

*Material at trial.*

4  ~~than discovery motions or proceedings.  These provisions are subject to the Federal~~

*AGR*

5  ~~Rules of Civil Procedure and the Central District of California Local Rules and must~~

6  ~~be construed in light of those rules.~~

7    18.   ~~A party that files with the Court, or seeks to use at trial, materials~~

8  ~~designated as Confidential, shall comply with the requirements of Central District~~

9  ~~Local Rule 79-5 and the Court's Standing Order.~~

10

11   DATED:  May 17, 2019          PAYNE & FEARS LLP
                                   Attorneys at Law
12

13

14                                 By: _____/s/ Amy R. Patton_____
                                        AMY R. PATTON
15                                    Attorneys for ITT AEROSPACE
                                      CONTROLS, LLC
16

17   DATED:  May 17, 2019          **The Rutten Law Firm, APC**

18

19

20                                 By: _____/s/ Howard Rutten_____
                                        HOWARD RUTTEN
21                                    Attorneys for GEORGE ALBANES

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

STIPULATION RE: CONFIDENTIALITY AND PROTECTIVE ORDER

**EXHIBIT A**

**CERTIFICATION OF AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, declare under penalty of perjury under the laws of the United States that I have read in its entirety and am fully familiar with the terms of the Stipulation and Protective Order entered in the action entitled *George Albanes v. ITT Aerospace Controls, LLC*, United States District Court for the Central District of California, Case No. 2:19-cv-01443-JFW(AGRx) (the "Protective Order"). I agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Court, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Dated:

_____          _____
                                                                                (Print Name)


_____          _____
                                                                                (Signature)

4847-4478-1206.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100